## Mechling v. Potter.

(Decided March 16, 1911.)

### Appeal from Pike Circuit Court.

Contracts—Rescission.—Plaintiff sold defendant certain timber on four tracts of land. Defendant failed to comply with his contract. Plaintiff sued to enforce his claim for purchase money. Defendant claimed that plaintiff had no title to the timber on certain tracts, and was unable to comply with his contract and asked that the petition be dimissed. Subsequently by amended answer he agreed to waive plaintiff's inability to comply with the contract, and elected to take and pay for the timber on one tract. At the same time he asked the return of a certain cash consideration paid on the timber in case the court was of the opinion that the contract should be rescinded. Held that the court's action in rescinding the contract of sale and returning to defendant his money with interest gave defendant what he asked for, and did substantial justice between the parties.

N. J. AUXIER for appellant.

J. M. BOWLING for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On September 15, 1906, Isom Potter and wife entered into a written contract with W. F. Mechling, trustee, by the terms of which they sold to the latter certain timber standing on the Isom Potter home farm, the Sam Baker farm, the William Fleming tract and the Hylton tract. The contract provided that the various kinds of timber therein specified on the Isom Potter home tract and the

Sam Baker tract should be branded and paid for within thirty days thereafter, while the timber sold from the William Fleming and John Hylton tracts was to be branded and paid for when the title to same was perfected. Mechling was to pay $500.00 cash, and a certain sum for each kind of tree. W. F. Mechling was trustee for F. M. Mechling. Upon the execution of the contract, W. F. Mechling, as trustee, through his agents and servants, went upon the Isom Potter home tract and the Sam Baker tract and branded certain timber.

Isom Potter brought this action against F. M. Mechling, cestui que trust, to recover the balance of the purchase price due for the timber located upon the Isom Potter home tract and the Sam Baker tract. The amount claimed was $2,058.00. At the same time he tendered a deed for the timber in question. F. M. Mechling filed an answer, wherein he denied that he, or his trustee, had branded any other timber than that specified in the answer, and claimed that the balance due did not exceed $1,076.00. He also defended on the ground that Potter had no title to any of the timber except that upon his home place. He asked that Potter's petition be dismissed. Thereafter he filed the following amended answer and counter-claim:

"Now comes defendant and by leave of court amends his answer herein and for amendment and counter-claim says that plaintiff has no title to any of the timber embraced in the contract and on except what is known as the home tract; that defendant waives the right to compel plaintiff to specifically comply with said contract and is willing to take said home tract as per said contract and release plaintiff from the remainder of said contract; that he paid plaintiff the sum of $500.00 on said contract and that it cost defendant $100.00 to have said timber on home tract counted, branded and measured, and that if the court should be of the opinion that said contract should be rescinded he ought to recover said $100.00 expended for counting, branding and measuring said timber.

"Wherefore defendant prays that if said contract is rescinded that he recover of plaintiff the sum of $600.00 with interest and he prays as in his original answer."

Upon submission of the case the court rescinded the contract in question, and adjudged that Mechling recover of Potter the sum of $500.00, with interest thereon, from

the time it was paid, and awarded Mechling a lien on the Isom Potter home tract and one of the other tracts, to secure the payment of said sum and interest. From the judgment so entered, F. M. Mechling appeals.

The case, in brief, is this: Potter sold the timber to appellant. The latter branded the timber on certain tracts. He failed to pay for the timber. Four years later appellee brought this action to recover the balance of the purchase price upon the timber branded. Appellant first defended on the ground that the contract was entire, and that appellee had failed to comply with it because he had not perfected his title to certain timber embraced in the contract. Before submission of the case, however, he agreed to waive appellee's inability to carry out the contract in its entirety, and to accept performance as to the Isom Potter home tract. At the same time he asked that, if the court was of opinion the contract should be rescinded, he be given a judgment against appellee for the $500.00 cash payment and for the $100.00 expended in the branding of the timber, and that he be adjudged a lien on the timber to secure the payment of said sum. Thus it will be seen that the court substantially complied with appellant's prayer. Had he decided otherwise, he would have made a new contract between the parties. By rescinding the contract and restoring the parties to their original status, we conclude that he did substantial justice between them.